# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| OFFICEWARE CORPORATION d/b/a FILESANYWHERE.COM | § § § § § § § § § § § | Civil Action No. _____ |
| *Plaintiff*, | | |
| v. | | |
| DROPBOX, INC. | | |
| *Defendant*. | | |

## ORIGINAL COMPLAINT

Plaintiff Officeware Corporation d/b/a FilesAnywhere.com ("Plaintiff") files this Complaint against defendant Dropbox, Inc. ("Defendant").

### I.   Parties

1.   Plaintiff is a corporation organized and existing under the laws of the State of Texas with a principal place of business at 8600 Freeport Parkway, Suite 220, Irving, Texas 75063.

2.   Defendant is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at of 153 Kearny Street, Mezzanine, San Francisco, California 94108 and a designated agent at Incorporating Services, Ltd., 3500 South Dupont Highway, Dover, Delaware 19901.  Defendant is a foreign entity that conducts business in Texas but has not designated an agent for service of process in Texas.  Accordingly, substitute service may be effected on the Secretary of State under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.041-.045.

### II.   Jurisdiction And Venue

3.   This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367 and general principles of ancillary and pendent jurisdiction.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this district and because Defendant is using an infringing trademark in this judicial district.

### III.    Statement of the Claim

5. This case involves Defendant's unauthorized use of Plaintiff's trademarks. Defendant applied to register with the U.S. Patent and Trademark office ("USPTO") the term DROPBOX (the "Infringing Mark"), an identical term confusingly similar to Plaintiff's DROPBOX, FILE DROPBOX, and DROPBOX LINKS marks (collectively, "Plaintiff's Marks"). Plaintiff has used the DROPBOX and FILE DROPBOX marks in connection with providing online non-downloadable software for uploading and transferring files since at least as early as 2004. Plaintiff additionally has used the DROPBOX LINKS mark and Plaintiff's accompanying distinctive design mark ("Plaintiff's Design") in connection with the same services at least as early as 2006. Defendant has applied to register the Infringing Mark for essentially identical services as those provided by Plaintiff and has continued to use the Infringing Mark and Infringing Logo in the same marketplace.

6. As a result, Plaintiff seeks injunctive and monetary relief for (a) unfair competition and false designation of origin in commerce under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (b) common law unfair competition under the laws of the State of Texas; (c) trademark dilution under Tex. Bus. & Com. Code § 16.29; and (d) unjust enrichment under the laws of the State of Texas.

### VI.    Statement of Facts

7. Plaintiff is one of the world's leading providers of remote file storage, and one of the oldest surviving original online storage providers.

8.      Plaintiff's remote file storage services allow its customers to utilize high transfer speeds to upload computer data files to Plaintiff's remote servers for sharing and access by multiple users.

9.      Plaintiff's services have been utilized by a multitude of significant corporate customers and have been featured in numerous publications such as CBS MarketWatch, the Dallas Morning News, PC Magazine, Forbes.com, and Yahoo! Finance.

10.     As a result, Plaintiff has a long and distinguished reputation for quality services.

11.     Plaintiff began using the DROPBOX and FILE DROPBOX marks at least as early as 2004, and the DROPBOX LINKS mark and Plaintiff's Design at least as early as 2006, and has continuously used these marks thereafter.

12.     Plaintiff devotes substantial effort, time, and resources to ensuring the high quality of their services, including those associated with Plaintiff's Marks and Plaintiff's Design.

13.     The use of Plaintiff's Marks and Plaintiff's Design distinguishes Plaintiff's services from the services of other sellers, and consumers have come to recognize Plaintiff's Marks and Plaintiff's Design and the related services as originating with Plaintiff.

Defendant's Unlawful Activities

14.     According to its website, Defendant provides a service "that lets you bring your photos, docs, and videos anywhere and share them easily."  *See* http://www.dropbox.com/about.  Defendant was allegedly founded in 2007.  *Id.*

15.     On or about September 1, 2009, Defendant filed Application No. 77/817,716 with the USPTO seeking registration of the Infringing Mark for various categories including remote file storage services.  The claimed categories are essentially identical to the services provided by Plaintiff in connection with Plaintiff's Marks.

16.     Defendant's application was filed upon an alleged intent to use the mark.  Thus, Defendant did not claim that it had used the Infringing Mark before September 1, 2009.

17.     There is no difference between the Infringing Mark and Plaintiff's Marks and they have the same look, sound, and feel.  Defendant's use of the Infringing Mark is likely to cause confusion, or mistake, or deceive as to the affiliation, connection, or association between the parties or as to the origin, sponsorship, or approval of the parties' services.

18.     In fact, Defendant's application has been cited against Plaintiff's federal application to register DROPBOX.  Thus, the USPTO examiner agrees that the Infringing Mark causes a likelihood of confusion with Plaintiff's DROPBOX mark.  Defendant's improper application is inhibiting Plaintiff's valid exercise of its rights.

19.     Defendant additionally copied the look and feel of Plaintiff's Design in Defendant's use of a nearly identical design (the "Infringing Design").  Defendant's use of the Infringing Design is likely to cause confusion, or mistake, or deceive as to the affiliation, connection, or association between the parties or as to the origin, sponsorship, or approval of Defendant's services by Plaintiff.

20.     The substantial similarities between Plaintiff's Design and the Infringing Design – even the color used – evidence Defendant's intent to capitalize on Plaintiff's good will:

          

  *"Plaintiff's Design"*                              *"Infringing Design"*

21. Because of Defendant's infringing activities, Defendant's have created actual confusion regarding the source, sponsorship and affiliation of the goods and services at issue.

22. Additionally, Defendant's use and application to register the Infringing Mark is inconsistent with and disputes or contests Plaintiff's exclusive right and title in Plaintiff's Marks.

23. Defendant lacks good faith in adopting, applying to register and continuing to use the Infringing Mark and continuing to use the Infringing Design. Defendant intentionally adopted the Infringing Mark and the Infringing Design to capitalize on the goodwill associated with Plaintiff's Marks and Plaintiff's Design. Defendant's intentional actions thus constitute an exceptional case and entitle Plaintiff to enhanced damages and attorney fees.

24. Defendant's use and application to register the Infringing Mark and use of the Infringing Design enables it to gain acceptance for its own services, not solely on their own merits, but on the reputation and goodwill of Plaintiff, Plaintiff's Marks, and Plaintiff's Design.

25. Defendant's use of the Infringing Mark and the Infringing Design has diluted and is likely to continue to dilute the distinctive quality of Plaintiff's Marks and Plaintiff's Design.

26. Defendant's use of and attempt to register the Infringing Mark and use of the Infringing Design unjustly enriches Defendant at Plaintiff's expense.

27. Defendant's use of the Infringing Mark and the Infringing Design deprives Plaintiff of the ability to control the nature and quality of the goods provided under Plaintiff's Marks and Plaintiff's Design and places Plaintiff's valuable reputation and goodwill in the hands of Defendant.

28. Plaintiff has been and continues to be damaged by Defendant's activities and conduct. Defendant has profited thereby and, unless enjoined, Plaintiff's business, goodwill, and

reputation will suffer irreparable injury, which cannot be adequately calculated or compensated solely by money damages.

29. Plaintiff has filed or will file an opposition to Defendant's application for registration of the Infringing Mark with the USPTO.

## V. FIRST CAUSE OF ACTION
### Federal False Designation of Origin & Unfair Competition

30. Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

31. The acts of Defendant complained of herein constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. In fact, Defendant's infringing activities extend so far as to involve the use of the Infringing Mark as its primary domain name. As a result, Plaintiff respectfully requests transfer to Plaintiff of Defendant's domain names incorporating terms infringing Plaintiff's Marks.

33. As a result of Defendant's conduct, Plaintiff has been damaged and is entitled to damages including but not limited to Defendant's profits from the sale of all infringing goods and/or services, actual damages, enhanced damages, corrective advertising damages, costs of litigation, and attorney fees.

34. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer irreparable injury with no adequate remedy at law. Without injunctive relief, Plaintiff has no means to control the continuing injury to its reputation and goodwill. No amount of money damages can adequately compensate Plaintiff if it loses the ability to control the use of its name, reputation, and goodwill through the false and unauthorized use of marks that are confusingly similar to Plaintiff's Marks and Plaintiff's Design. Plaintiff is entitled to injunctive

relief prohibiting Defendant from using the Infringing Mark and the Infringing Design in conjunction with its goods and/or services.

## VI.  SECOND CAUSE OF ACTION
### Common Law Unfair Competition

35. Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

36. The acts of Defendant complained of herein constitute unfair competition in violation of the common law of the State of Texas.

## VII.  THIRD CAUSE OF ACTION
### Trademark Dilution – Tex. Bus. & Com. Code § 16.29

37. Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

38. Defendant's false and unauthorized use of the Infringing Mark and the Infringing Design in the advertising and promotion for their goods and/or services dilutes the distinctive quality of Plaintiff's Marks and Plaintiff's Design.

39. The above-described acts by Defendant constitute trademark dilution under Texas Business & Commerce Code § 16.29, the analogous statutes of other states, and under Texas common law.

40. Without injunctive relief, Plaintiff has no means to control the continuing injury to its reputation and goodwill or the continuing dilution of its trademarks.  Plaintiff has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Plaintiff if it loses the ability to control the use of its name, reputation, and goodwill through the false and unauthorized use of its trademark.  Plaintiff is entitled to injunctive relief

prohibiting Defendant from using the Infringing Mark and the Infringing Design in conjunction with their goods and/or services.

### VIII.   FOURTH CAUSE OF ACTION
### Unjust Enrichment

41.   Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

42.   The acts of Defendant complained of herein constitute unjust enrichment of Defendant and Plaintiff's expense in violation of the common law of the State of Texas.

### IX.   JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

### X.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

(a)   Defendant, its officers, directors, agents, servants, employees, attorneys and all those persons in active concert or predication with Defendant, be preliminarily and permanently enjoined and restrained from further infringing upon Plaintiff's rights in Plaintiff's Marks and Plaintiff's Design, including but not limited any use of the Infringing Mark or the Infringing Design;

(b)   Defendant be required to deliver to Plaintiff's counsel for destruction, or show proof of destruction of, any and all items in Defendant's possession or control that bear the Infringing Mark or the Infringing Design;

(c)   Defendant be ordered to file with this Court and to serve upon Plaintiff, within 30 days after the entry and service on Defendant of each injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

  (d) Defendant be ordered to transfer the domain name www.dropbox.com, and all variations confusingly similar to Plaintiff's Marks, to Plaintiff;

  (e) An order instructing the United States Patent and Trademark Office to deny registration of Defendant's Application No. 77/817,716, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119 et seq.;

  (f) Plaintiff recover all damages sustained as a result of Defendant's activities;

  (g) An accounting be directed to determine Defendant's profits resulting from its activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

  (h) Plaintiff recover reasonable attorney fees;

  (i) Plaintiff recover enhanced and punitive damages and costs of this action, together with pre-judgment and post-judgment interest; and

  (j) Plaintiff recover such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ Robert J. Ward
**Robert J. Ward**
Attorney-in-Charge
Texas Bar No. 00791879
rward@gardere.com
**Craig B. Florence**
Texas Bar No. 007158010
cflorence@gardere.com
**Terrell R. Miller**
Texas Bar No. 24046446
tmiller@gardere.com
**Andrew M. Howard**
Texas Bar No. 24059973
ahoward@gardere.com
GARDERE WYNNE SEWELL LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone:  (214) 999-3000
Facsimile:  (214) 999-4667

**ATTORNEYS FOR OFFICEWARE CORPORATION d/b/a FILESANYWHERE.COM**