IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **OFFICEWARE CORPORATION** d/b/a | § | |
| **FILESANYWHERE.COM** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-1448-L** |
| | § | |
| **DROPBOX, INC.,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Dropbox, Inc.'s Motion to Stay, filed November 21, 2011.
After carefully reviewing the motion, response, pleadings, and applicable law, the court **denies**
Defendant Dropbox, Inc.'s Motion to Stay.

**I.       Factual and Procedural Background**

Officeware Corporation d/b/a FilesAnywhere.com ("Officeware") filed this lawsuit on June
30, 2011, against Dropbox, Inc. ("Dropbox") alleging unauthorized use of its trademarks.  Dropbox
applied to register with the United States Patent and Trademark Office ("USPTO") the term
DROPBOX (the "Mark").  Officeware asserts that is has used the DROPBOX mark in connection
with providing online non-downloadable software for uploading and transferring files since as early
as 2004. Officeware also asserts that it has used an accompanying design mark (the  "Design") in
connection with the same services as early as 2006.  Officeware alleges that Dropbox has applied
to register the Mark for essentially identical services as those provided by it and has continued to use
the Mark and Design in the same marketplace.  As a result, Officeware seeks injunctive and

**Memorandum Opinion and Order – Page 1**

monetary relief for: (1) unfair competition and false designation of origin in commerce under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) common law unfair competition under the laws of the State of Texas; (3) trademark dilution under Texas Business and Commerce Code § 16.29; and (4) unjust enrichment under the laws of the State of Texas.

In 2007, Dropbox began providing services to allow individuals to store, access, and share computer files online.  On September 1, 2009, Dropbox filed federal trademark application, serial number 77817716, for DROPBOX (the "Application") and, on March 1, 2011, the USPTO published the Application for opposition.  After Dropbox applied to register the Mark, Officeware and two other companies—YouSendIt, Inc. ("YouSendIt") and Box.net, Inc. ("Box")—initiated separate proceedings before the Trademark Trial and Appeal Board ("TTAB") of the USPTO opposing registration of the Mark.  On June 29, 2011, Officeware and Box initiated opposition proceedings before the TTAB.  The next day, Officeware filed this lawsuit.  YouSendIt initiated an opposition proceeding before the TTAB on August 26, 2011. Officeware, YouSendIt, and Box provide similar services and each assert their own priority rights in the Mark, allege likelihood of consumer confusion of the Mark, and assert that Dropbox's trademark application should be denied.

Dropbox now moves to stay all proceedings in this case pending the resolution of the trademark opposition proceedings before the TTAB.  Since the filing of Defendant Dropbox, Inc.'s Motion to Stay, the TTAB has denied Dropbox's motions to consolidate the opposition proceedings and has suspended the Officeware, Box, and YouSendIt opposition proceedings.  The TTAB has noted that in the event this case is suspended in favor of its proceedings, its proceedings will resume.  On March 6, 2012, the TTAB also suspended the trademark application of a company based in

**Memorandum Opinion and Order – Page 2**

Irving, Texas,—Thru, LLC ("Thru")—for the trademark "DROPBOX" because prior-filed applications for the same trademark would present a bar to the registration of Thru's trademark.

## II.    Legal Standard for Motion to Stay

A district court has wide discretion to stay a pending matter in order to control its docket and benefit the interests of justice. *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). The decision to grant or deny a stay "is a matter of judgment and it is reviewed by the Court of Appeals only for abuse of discretion." *Exxon Corp. v. St. Paul Fire & Marine Ins. Co.*, 129 F.3d 781, 784 (5th Cir. 1997) (citation omitted). Moreover, the court's discretion to order a stay clearly includes the authority to stay a matter pending the resolution of proceedings in the USPTO. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir.), *cert. denied*, 464 U.S. 935 (1983); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir.1988).

## III.    Analysis

### A.    Primary Jurisdiction Doctrine

Dropbox urges the court to apply the doctrine of primary jurisdiction and asserts that the doctrine strongly favors staying this action. The doctrine of primary jurisdiction is a "judge-made doctrine" that "comes into play when a court and an administrative agency have concurrent jurisdiction over the same matter, and no statutory provision coordinates the work of the court and of the agency." *Mercury Motor Express, Inc. v. Brinke*, 475 F.2d 1086, 1091-92 (5th Cir.1973). "The doctrine operates, when applicable, to postpone judicial consideration of a case to administrative determination of important questions involved by an agency with special competence in the area. It does not defeat the court's jurisdiction over the case, but coordinates the work of the

court and the agency by permitting the agency to rule first and giving the court the benefit of the agency's views." *Id.* (citation omitted).

Several circuits have held that the rule of primary jurisdiction does not justify a federal court's deferral to a proceeding before the TTAB. *See, e.g., Goya Foods, Inc. v. Tropicana Products, Inc.*, 846 F.2d 848 (2d Cir. 1988); *PHC, Inc. v. Pioneer Healthcare, Inc.*, 75 F.3d 75 (1st Cir. 1996); *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151 (9th Cir. 2007). In *Goya*, beverage manufacturer Goya Foods, Inc. ("Goya") held two federally registered trademarks for several years but failed to file timely proof of continued use, resulting in cancellation. Tropicana Products, Inc. ("Tropicana"), also a beverage manufacturer, challenged Goya's attempts to re-register its marks before the TTAB, based on the similarity of the marks to registered marks that Tropicana was using. Goya then moved for declaratory judgment of noninfringement in the district court. The lower court ruled that Goya's action was untimely pending resolution of the matter before the TTAB and dismissed the complaint, denying Goya leave to amend the complaint. The Second Circuit reversed the decision of the lower court.

In analyzing the doctrine of primary jurisdiction, the court stated, "[i]n significant respects [the] basic framework of federal trademark registration differs from those in which the doctrine of primary jurisdiction applies." *Goya*, 846 F.2d at 852. The court further stated, with respect to USPTO proceedings:

> We are not dealing here with a regulated industry in which policy determinations are calculated and rates are fixed in order to calibrate carefully an economic actor's position within a market under agency control, and the PTO's decision to permit, deny, or cancel registration is not the type of agency action that secures "uniformity and consistency in the regulation of business entrusted to a particular agency."

*Id.* at 853 (citation omitted).   Further, the registration determination does not "raise technical questions of fact uniquely within the expertise and experience of an agency." *Id.* at 853 (citation and internal quotation marks omitted).  The Ninth Circuit expounded upon the reasoning in *Goya*.

> [The TTAB] is not an ordinary administrative agency whose findings control unless set aside after court review under a highly deferential standard.  Under the Lanham Act, where a contested Board proceeding has already addressed the validity of the mark, the Board's findings can be challenged in a civil action in district court through new evidence, and, at least to a large extent, the issues can be litigated afresh.

*Rhoades*, 504 F.3d at 1163 (quoting *PHC*, 75 F.3d at 80) (internal citations omitted).

The Second Circuit developed the following rule for determining if a federal court should issue a stay order pending the outcome of TTAB proceedings: (1) "If a district court action involves only the issue of whether a mark is entitled to registration and if subject matter jurisdiction is available, the doctrine of primary jurisdiction might well be applicable," because the benefits of awaiting the USPTO decision would rarely be outweighed by the need for a prompt adjudication. *Goya*, 846 F.2d at 853 (citation omitted).  (2) If, however, the "district court suit [also] concerns infringement, the interest in prompt adjudication far outweighs the value of having the views of the [US]PTO." *Id.* at 853-54.

Courts in the Fifth Circuit have echoed the same rationale.  In a case where the court decided that the collateral estoppel doctrine barred the plaintiff from asserting rights to a trademark when it had  failed to do so on two prior occasions against a different, but related, party, the court stated that a prior USPTO decision had no bearing on the appeal.  The court explained that "several Circuit courts have noted that federal courts are not obligated to defer to PTO proceedings nor are PTO's findings on infringement binding on federal courts." *Robin Singh Educ. Servs. v. Excel Test Prep. Inc.*, 274 F. App'x 399, 403 n.4 (5th Cir. 2008) (citing *PHC*, 75 F.3d at 80 and *Rhoades*, 504 F.3d

at 1162-65).  In *Vantage Trailers, Inc. v. Beall Corp.*, 2008 WL 4746288 (S.D. Tex. Oct. 27, 2008),
the court refused to decline jurisdiction under the doctrine of primary jurisdiction because the issues
of whether the defendant's mark was properly registered implicated the plaintiff's noninfringement
claim and claim that the defendant's mark was fraudulently procured.  *Id.*  at *6.  The court stated
that because no proceeding was pending before the TTAB and because the dispute would be more
efficiently resolved in a single forum, it would not decline jurisdiction.  *Id.*  Further, the court stated,
"even if a parallel administrative proceeding was underway, courts have consistently declined to
defer to the TTAB when, like here, additional claims are raised that cannot be resolved by the
agency." *Id.*  at *5.  (citing *Rhoades*, 504 F.3d at 1162–63; *PHC*, 75 F.3d at 80.)

The court finds the rationale of these courts to be persuasive.  In the case *sub judice*,
Officeware's action against Dropbox involves the following claims: infringement of Officeware's
common law rights in the Design; unfair competition based on Dropbox's use of a confusingly
similar image to Officeware's Design; infringement of Officeware's common law rights in the Mark;
unfair competition based upon Dropbox's unauthorized used of the Mark; dilution under the Texas
Business and Commerce Code; injunctive relief; unjust enrichment; and damages and attorney's
fees.  The only claim before the TTAB is the registrability of the Mark.

> [U]nlike a federal district court, the Board cannot give relief for an infringement
> claim, either injunctive or by way of damages. *See* 15 U.S.C. §§ 1063(a), 1064,
> 1067(a). *Cf.* 15 U.S.C. §§ 1114-1119 (powers of the district court are much broader).
> Under these circumstances awaiting the Board's action is less attractive; and this is
> doubly so because (as already noted) its administrative findings can so easily be
> relitigated in court.

*Rhoades*, 504 F.3d at1163 (quoting *PHC*, 75 F.3d at 80) (brackets and alterations omitted).

> [S]ome situations might justify deferring a declaratory judgment case when related TTAB proceedings are pending; specifically, where the district court action involves only the issue of whether a mark is entitled to registration, it might make more sense to resolve the registration claims at the TTAB first. On the other hand, if, as here, a potential infringement claim requires the district court to resolve much or all of the registration issues, it would waste everyone's time not to settle the registration issue now, in district court. The deciding factor should be efficiency; the district court should exercise jurisdiction if this course is more efficient; otherwise, not.

*Rhoades*, 504 F.3d at 1165 (alterations, internal quotation marks, and internal citations omitted). The instant case involves issues far beyond the issue of registrability. Regardless of the TTAB's decision, this court would still have to determine the infringement issue independently. As the board cannot afford complete relief for Officeware's claims, the court determines that a stay is not warranted under the facts and circumstances of this case.

### B.    Prejudice

Dropbox asserts that any delay cause by staying this action pending disposition of the TTAB opposition proceedings would be minimal and would not prejudice Officeware. Specifically, Dropbox asserts that the TTAB's special expertise would materially aid this court's resolution of the case by reducing the need for additional findings of fact; that Dropbox would agree to allow discovery from the TTAB proceedings to be used in this action; and that there is no indication that Officeware imminently needs relief. Dropbox asserts that Officeware initiated this action over three years after Dropbox began using the Mark, and Officeware has made no effort to accelerate the disposition of this action by moving for a temporary restraining order or preliminary injunction.

Officeware responds that TTAB proceedings are protracted, and it provides evidence that interparty proceedings take a median of 184 weeks to reach a conclusion. Officeware asserts that a consolidated action with four parties would take even longer, and that more than three and one-half

years is too long to deprive it of its rights.   Further, Officeware asserts that if Dropbox's motion to

stay is granted, it would have more than three and one-half years to continue to use the Mark and blur

the distinction between the parties' services, causing irreparable harm to accrue.

"Whether a litigant is seeking to halt an alleged infringement or . . . seeking a declaration of

non-infringement, it is entitled to have the infringement issue resolved promptly so that it may

conduct its business affairs in accordance with the court's determination of its rights." *Goya*, 846

F.2d at 854.  Considering the median length of the proceedings before the TTAB and Officeware's

allegations of trademark infringement, the court determines that a stay delaying this suit would

prejudice Officeware.  Dropbox asserts that it would be prejudiced by being compelled to defend

nearly identical claims in multiple forums, at significant risk of inconsistent rulings.  The court finds

Dropbox's argument unpersuasive, as it would still be subject to litigation in multiple forums if a

stay were granted because there are claims raised in this litigation that cannot be resolved by the

TTAB.

### C.   Joinder or Intervention of Parties

Dropbox expresses concern over the multi-party nature of the TTAB proceedings.

Specifically, Dropbox explains that Officeware, Box, and YouSendit have brought opposition

proceedings before the TTAB, and since all parties are before the TTAB and only DropBox and

Officeware are before this court, this lawsuit suit should be stayed in favor of the TTAB proceedings.

The court, however, reminds the parties of Federal Rules of Civil Procedure 19, 20, and 24, and the

court **directs** the parties to proceed as required under these rules.

**V.      Conclusion**

For the reasons herein stated, the court **denies** Defendant Dropbox, Inc.'s Motion to Stay.

The court will issue a scheduling order by separate order.

**It is so ordered** this 10th day of August, 2012.


Sam A. Lindsay
United States District Judge